Dear Mr. Coreil:
This office is in receipt of your opinion request dated June 24, 1997. As per your request, please find a copy of the fee schedule controlling what a justice of the peace is allowed to charge. You also present issues regarding certain aspects of the eviction process in a justice of the peace court.
The fees which a justice of the peace is allowed to charge are found in LSA-R.S. 13:2589 and 13:2590, copies of which are attached. The following statutes address eviction issues presented per your letter and per our telephone conversation.
Regarding the notice of termination and the notice to vacate, C.C. Article 2686 states as follows:
 The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month which has begun to run.
Note that there is no requirement that the justice of the peace or constable make service of the notice of termination. The article allows the lessor to present the notice in writing to the lessee. Regarding the notice to vacate to a tenant or occupant, C.C.P. Articles 4701 and 4702, state as follows:
 Art. 4701. Termination of lease; notice to vacate; waiver of notice
 When a lessee's right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
 If the lease has no definite term, the notice required by law for its termination shall be considered as a notice to vacate under this Article. If the lease has a definite term, notice to vacate may be given not more than thirty days before the expiration of the term.
 A lessee may waive the notice requirements of this Article by written waiver contained in the lease, in which case, upon termination of the lessee's right of occupancy for any reason, the lessor of his agent may immediately institute eviction proceedings in accordance with Chapter 2 of Title XI of the Louisiana Code of Civil Procedure.
 Art. 4702. Notice to occupant other than tenant to vacate
 When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner or his agent shall first cause a written notice to vacate the property to be delivered to the occupant.
 This notice shall allow the occupant five days from its delivery to vacate the premises.
These articles require the lessor or his agent to deliver the written notice to the lessee. The notice to terminate or notice to vacate, depending on which is appropriate, should be delivered before the lessor brings the matter to a justice of the peace court for an eviction proceeding. There is no prohibition in these articles to hiring a constable to serve these notices to the lessee. However, a justice of the peace is considered a judge, and thus is bound by the code of judicial conduct. An opinion from the judiciary commission is suggested as to interpretations of the Codes of Judicial Conduct. However, there may be a conflict of interest if the justice of the peace in whose court the eviction suit is ultimately filed, serves as the agent for the lessor.
Once the required notice has been delivered to the lessee or occupant, and the time period allowed for the lessee or occupant to comply with the notice has lapsed, and the lessee or occupant refuses to vacate, the lessor may institute an eviction suit by filing a petition with the justice of the peace court with competent jurisdiction. The lessor must pay the justice of the peace a fee of sixty ($60) dollars, and ten ($10) dollars per additional defendant, as per LSA-R.S. 13:2590, § 2, which is attached.
Regarding service of the papers and the fees received by the justice of the peace and constable respectively, the justice of the peace is required to use the constable or deputy constable for service. LSA-R.S. 13:3478, states as follows:
§ 3478. Constable or deputy constable to act when not disqualified or unwilling or unable to act.
 When there is a constable or duly appointed deputy constable not disqualified to act because of relationship, or unable to act on account of sickness or other cause, and who is willing to act, and who is personally present when conservatory writs are sued out, then and in these cases, the justice of the peace for whose ward said constable shall have been elected or appointed and qualified, shall employ said constable or his duly appointed deputy constable to the exclusion of the sheriff or his deputy, or a special deputy constable, to execute all orders, citations, summons, seizures, and writs in civil cases, and in such cases services made by other than said constable or his duly appointed deputy constable shall be void and of no effect.
Only in the event of the inability or refusal of the constable or deputy constable to act may the justice of the peace allow another party to serve papers for his court. LSA-R.S.13:3477, states as follows:
§ 3477. Inability or refusal of constable or deputy constable to act; employment of sheriff or deputy; appointment of special deputy constable
 In case of the inability or refusal to act on the part of the constable or a duly appointed deputy constable because of relationship, sickness, or from other causes in civil suits, and in case of the execution of conservatory writs in civil suits, the justices of the peace may employ either the sheriff or his deputy or appoint a special deputy constable to execute all orders, citations, summons, seizures, and writs.
Regarding the division of the fees received for an eviction suit, please note R.S. 13:2590, § B, which states:
 Fifty percent of each fee and deposit shall be retained by the justice of the peace for fees and operational expenses of the office and court and fifty percent of the fees and deposits shall be used for fees and operational expenses of the constables office.
This statute requires that the justice of the peace present to the constable fifty percent of all fees collected for eviction suits.
We hope the foregoing has sufficiently addressed your concerns. If our office may be of further assistance, please do not hesitate to contact us at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ J. RICHARD WILLIAMS Assistant Attorney General
R.S. 13:2587 COURTS AND JUDICIAL PROCEDURE
§ 2587. Sale of property by constable of justice of the peace court
The constable of a justice of the peace court shall sell the property seized at public auction on the day advertised therefor, at the office of the justice of the peace nearest the residence of the party whose property is seized, or at the most public place within three miles of such residence, to be designated by the justice of the peace who rendered the judgment, except in cities and towns where the sale shall be made in the same place where the sheriff sells property under execution.
The judgment debtor has the right to have the sale made at his residence in all cases.
Added by Acts 1960, No. 32, § 4, eff. Jan. 1, 1961.
Historical and Statutory Notes
This section, added by Acts 1960. No. 32, § 4, effective Jan. 1, 1961, as R.S. 13:2585, was redesignated as R.S. 13:2587
in 1986 on the authority of R.S. 24:253.
Another R.S. 13:2587, added by Acts 1960, No. 32, § 4, effective Jan. 1, 1961, and amended by Acts 1960, No. 353, § 1; Acts 1980. No. 551, § 1; Acts 1982, No. 184, § 1; Acts 1983, No. 122, § 1 effective June 24, 1983; Acts 1984, No. 501, § 1; and Acts 1985, No. 803, § 1, was redesignated as R.S. 13:2590 in 1986 on the same authority.
§ 2587.1. Prosecution of litter violations in justice of the peace courts
The constable of the justice of the peace court or his deputy shall act as prosecutor when called upon to do so by the justice of the peace when the justice of the peace exercises his jurisdiction to adjudicate litter violations prohibited by R.S.25:1111. In those cases where the constable has issued the citation or summons or has made the arrest or appears as a witness against the accused, the constable shall designate the deputy constable to prosecute the matter. If there is no deputy constable, then the justice of the peace may appoint a special deputy constable to prosecute the case or may authorize a constable from another ward in the parish to prosecute the matter.
Added by Acts 1989, No. 296, § 1.
Notes of Decisions
Jurisdiction 1
1. Jurisdiction
A justice of the peace may exercise his or her jurisdiction in prosecuting litter violators throughout the parish in which his or her ward sits, however, a justice of the peace is not required to accept and prosecute litter violations. Op.Atty. Gen. No. 96-66, March 5, 1996.
§ 2588. Repealed by Acts 1995, No. 1237, § 3
 Historical and Statutory Notes
Former R.S. 13:2588, enacted by Acts 1960, No. 32, § 4, as R.S. 13:2586, set forth fees of justices of the peace in civil cases, was unended prior to repeal by Acts 1980, No. 551, § 1, and was redesignated as R.S. 13:2588 in 1986, pursuant to the statutory revision authority of the Louisiana State Law Institute. See, now, generally, R.S. 13:2590.
Another R.S. 13:2588, added by Acts 1970, No. 12, § 1, was redesignated as R.S. 13:2601 in 1986, pursuant to the statutory revision authority of the Louisiana State Law Institute.
§ 2589. Compensation of justices of the peace and constables in criminal matters
A. Justices of the peace and constables shall receive no fees in criminal matter or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded.
B. Notwithstanding the provisions of R.S. 25:1112 governing the distribution of fines for littering set forth in R.S.25:1111, and notwithstanding the provisions of Subsection A above, the local governing bodies receiving the fines imposed by R.S. 25:1111 and by any parish ordinance shall reimburse those justice of the peace courts and ward constable offices who handle litter violations for the time spent and expenses incurred by the respective justice of the peace, and constable, deputy constable, or special deputy constable.
Added by Acts 1975, No. 87, § 1. Amended by Acts 1986, No. 401, § 1; Acts 1989, No. 296, § 1.
Historical and Statutory Notes
The 1986 amendment rewrote the section, which previously read:
"Justices of the peace and constables shall receive no fees in criminal matters or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded."
This section, added by Acts 1975, No. 87, § 1 as R.S.13:2586.1, was redesignated as R.S. 13:2589 in 1986 on authority of R.S. 24:253.
Another R.S. 13:2589, added by Acts 1975, No. 813, § 1, effective July 1, 1975 and amended by Acts 1986, No. 706, § 1 was redesignated as R.S. 13:2591 in 1986 on the same authority.
Notes of Decisions
Collection fee 1
Construction and application 2
1. Collection fee
A justice of the peace may not collect fees with reference to criminal matters. La. Op. Atty. Gen., No. 92-709, March 15, 1993.
Justice of the Peace may charge fee for collecting NSF checks only of it is handled as civil matter. Op.Atty.Gen., No. 91-9, April 19, 1991.
2. Construction and application
Local governing authorities are not required to pay their constables same amount as they pay their justices of peace and salaries of constables may be graded. Op.Atty.Gen., No. 91-231, July 26, 1991.
Parish governing authorities are not required to pay all of their justices of peace same amount, and may "grade" justices' salaries on such factors as amount of work done by particular justice. Op.Atty.Gen., No. 91-231, July 26, 1991.
§ 2590. Security for costs; advanced costs deposit
A. A justice of the peace may demand and receive up to the following amounts and no others for filings and services in civil matters:
(1) New suit: sixty dollars, and ten dollars per additional defendant.
(2) Eviction proceeding sixty dollars, and ten dollars per additional defendant.
(3) Writ of execution: thirty dollars, and ten dollars per additional defendant.
(4) Appointment of keeper/curator: sixty dollars, plus storage cost if necessary.
(5) Writ of sequestration: thirty dollars, and ten dollars per additional defendant.
(6) Motion and order to show cause (leased movables): sixty dollars, and ten dollars per additional defendant.
(7) Petition to make judgment executory (except garnishment): sixty dollars, and ten dollars per additional defendant.
(8) Answer and reconventional or third party demand; cross claim; intervention: thirty dollars, and ten dollars per additional party.
(9) Writ of fieri facias and execution: sixty dollars, and ten dollars per additional defendant.
(10) Garnishment, writ of attachment through garnishment: sixty dollars, and ten dollars per additional defendant, plus fifteen dollars for attorney answering any interrogatories.
(11) Service of garnishment pleadings and order on defendant when, garnishee is a financial institution: forty dollars, and ten dollars per additional defendant.
(12) Interrogatories to be served: forty dollars, and ten dollars per additional party.
(13) Motion for new trial: forty dollars, and ten dollars per additional party.
(14) Petition for deficiency judgment (executory process): eleven dollars and fifty cents, and forty dollars for one defendant, and ten dollars per additional defendant.
(15) Reissuance of citation and petition: forty dollars, and ten dollars per additional defendant.
(16) Request for admissions to be served: forty dollars, and ten dollars per additional party.
(17) Rule to show cause: forty dollars, and ten dollars per additional party.
(18) Supplemental or amended pleading thirty dollars, and ten dollars per additional party.
(19) Motion to amend judgment: thirty dollars, and ten dollars per additional party.
(20) Judgment debtor rule: forty dollars, and ten dollars per additional defendant.
(21) Motion for summary judgment forty dollar, and ten dollars per additional party.
(22) Subpoena or subpoena duces tecum: twenty dollars.
(23) Service of judgment: twenty dollars per party.
(24) Service of private process server: twenty dollars per party served.
(25) Act of congress: eleven dollars, and ten dollars per additional party.
(26) Certified copies: one dollar per page.
(27) Copy of prepared transcript: fifty cents per page.
(28) Preparation of transcript: one dollar per page.
(29) Motion or petition for appeal: twenty dollars.
(30) Additional service of process: twenty dollars per service.
B. Fifty percent of each fee and deposit shall be retained by the justice of the peace for fees and operational expenses of the office and court and fifty percent of the fees and deposits shall be used for fees and operational expenses of the constable's office.
C. Except when the plaintiff is relieved from the necessity of paying costs or furnishing security therefor, under Articles 5181 through 5188 of the Code of Civil Procedure or under R.S.13:4521, a justice of the peace may demand that the plaintiff provide costs in advance.
Added by Acts 1960, No. 32, § 4, eff. Jan. 1, 1961. Amended by Acts 1966, No. 353, § 1; Acts 1980, No. 551, § 1; Acts 1982, No. 184, § 1; Acts 1983, No. 122, § 1, eff. June 24, 1983; Acts 1984, No. 501, § 1; Acts 1985, No. 803, § 1; Acts 1987, No. 618, § 1; Acts 1992, No. 960, § 1; Acts 1995, No. 1237, § 1.
Historical and Statutory Notes
The paragraph and subparagraph designations in subsec. C of R.S. 13:2587 (now this section; see note, post) as unended by Acts 1984, No. 501, § 1 were made on authority of R.S. 24:253.
This section, added by Acts 1960, No. 32, § 4, effective Jan. 1, 1961, as R.S. 13:2587 and amended by Acts 1966, No. 353, § 1; Acts 1980, No. 551, § 1; Acts 1982, No. 184, § 1; Acts 1983, No. 122, § 1, effective June 24, 1983; Acts 1984, No. 501, § 1; and Acts 1985, No. 803, § 1, was redesignated as R.S. 13:2590 in 1986 on the authority of R.S. 24:253.
Another section R.S. 13:2590, enacted by Acts 1977, No. 676, § 1, was redesignated as R.S. 13:2592 in 1986 on the same authority.
Notes of Decisions
Collections 1
Disposition of fees 2
Indigency 3
1. Collections
Constable cannot request a litigant issue two separate checks with fifty percent of the fee in a check to the Justice of the Peace and the other fifty percent payable to the Constable. Op.Atty.Gen. No. 96-139, April 9, 1996.
Justice of the Peace may charge fee for collecting NSF checks only if it is handled as civil matter. Op.Atty.Gen., No. 91-9, April 19, 1991.
2. Disposition of fees
The justice of the peace must disburse fifty percent of each fee and deposit to the constable and cannot file a 1099 tax form on a constable as the two are separate elected officers with neither given the employment power over the other. Op.Atty.Gen. No. 96-230, June 17, 1996.
Justice of the Peace who receives civil complaint on worthless check volition may direct constable to collect restitution and civil fee under LSA-R.S. 13:2590, and split fee with constable, if fee was not based upon or determined by amount of debt or amount collected. Op.Atty.Gen., No. 91-9(A), Jan. 8, 1992.